IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| PATRICIA A. MCVICKER, | ) | CASE NO. 5:19-CV-00387 |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | MEMORANDUM OPINION AND |
| SECURITY, | ) | ORDER |
| | ) | |
| | ) | |
| Defendant. | | |

Before me[1] is an action under 42 U.S.C. § 402(g) by Patricia A. McVicker seeking judicial review of a 2018 decision of the Commissioner of Social Security that denied McVicker's 2016 applications for disability insurance benefits and supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative proceedings.[4] Under terms of my initial orders[5] the parties have briefed their positions,[6]

---

[1] The parties have consented to my exercise of jurisdiction (ECF No. 17) and the matter has been transferred to me (ECF No. 18).
[2] ECF No. 1.
[3] ECF No. 8.
[4] ECF No. 9.
[5] ECF Nos. 5, 10, 15.
[6] ECF Nos. 11 (McVickers), 14 (Commissioner).

1

filed supplemental fact sheets and charts,[7] certified they have met and conferred as to narrowing the issues,[8] and have participated in a telephonic oral argument.[9]

For the reasons stated, the decision of the Commissioner will be affirmed.

## I.

The sole issue here is whether the RFC finding of light work is supported by substantial evidence, which matter involves the question of whether the ALJ properly discounted the functional opinions of several sources.[10] The relevant facts are briefly stated.

Vickers, who was 53 years old at the time of the hearing,[11] was found to have the following severe impairments: degenerative disc disease of the cervical and lumbar spine, carpal tunnel syndrome, bipolar disorder, post-traumatic stress disorder [PTSD], personality disorder, and attention deficit hyperactivity disorder [ADHD].[12] After concluding that none of these impairments met or medically equaled a listing,[13] the ALJ determined that McVicker's retained the capacity for light work with some additional limitations.[14]

---

[7] ECF Nos. 11, Attachments (McVickers), 16 (Commissioner).
[8] ECF No. 13.
[9] ECF No.
[10] ECF No. 11 at 1.
[11] See, transcript at 38.
[12] *Id*. at 31.
[13] *Id*. at 31-33.
[14] *Id*. at 33.

In arriving at this formulation, the ALJ gave little weight to the August 2016 functional opinion of Dr. Carli Seider, D.P.M.,[15] and to the 2017 opinion of Dr. W. Joseph Schoeppner, D.P.M.[16] In addition, the ALJ gave little weight to the 2018 functional opinion of Jonathon Raddish, C.N.P., who treated McVickers at a pain management clinic.[17]

Essentially, McVickers argues, both physicians found that her impairments caused her foot pain after standing or walking for several hours.[18] Further, she asserts that Dr. Schoeppner opined that McVickers could stand or walk for only four hours in an eight-hour work day and that she would be absent for two work days per month due to foot pain.[19] She maintains that the ALJ's reasons for assigning little weight to these opinions – (1) that McVickers evidenced a normal gait during examinations, (2) that she had a positive response to orthodics in her shoes and (3) that Dr. Shoeppner did not clearly explain which symptom would cause the work absence – were not good reasons for the weight given.[20]

The Commissioner, in turn, initially points out that Dr. Seider only saw McVickers once before giving her opinion and so was not a treating source.[21] Further, the Commissioner observes that Dr. Seider's opinion itself stated that McVickers' condition would improve with treatment and custom orthodics – which did occur.[22] Finally, it was

---

[15] *Id*. at 36.
[16] *Id*. at 37.
[17] *Id.*
[18] ECF No. 11 at 14.
[19] *Id*. at 15.
[20] *Id*. at 14-16.
[21] ECF No. 14 at 6-7.
[22] *Id*. at 7.

reasonable to find that Dr. Seider's opinion as to limited standing and walking was inconsistent with regular examination findings that McVickers had a normal gait and negative straight leg rise tests.[23]

Similarly, the Commissioner maintains that there was no error by the ALJ in discounting Dr. Schoeppner's opinion as to standing and walking.[24] The Commissioner observes that the ALJ was correct to note that this element of the opinion was inconsistent with the clinical findings that custom orthodics significantly improved McVickers' symptoms.[25] Further, the Commissioner contends that the ALJ properly concluded that a mere citation to "pain in her right foot" was insufficient to justify Dr. Schoeppner's conclusion that McVickers would miss two days of work per month.[26]

Moreover, the Commissioner argues that the ALJ did not err in giving only little weight to the opinion of Nurse Raddish. The Commissioner notes that because Nurse Raddish is other than an acceptable medical source, the ALJ was not required to provide "good reasons" for the weight assigned, but only required to provide a clear statement that could be followed by a subsequent adjudicator.[27] The Commissioner argues that the ALJ met that test by finding that Nurse Raddish's opinion was not consistent with McVickers

---

[23] *Id.* at 7-8 (citing *Wreede v. Comm'r of Soc. Sec.*, 2019 WL 1324024, at *2 (N.D. Ohio Mar. 25, 2019).
[24] *Id.* at 8.
[25] *Id.* at 8-9.
[26] *Id.* at 9.
[27] *Id.* at 11.

"positive response to orthodics in her shoes" and with the clinical findings of only mild degenerative changes in the spine.[28]

Finally, the Commissioner notes that the RFC is consistent with the 2016 functional opinions of two state agency reviewing physicians, with some modification to accommodate McVickers' later diagnosis of carpal tunnel syndrome.[29]

## III.

The sole issue here is examined under the well-established rubrics for evaluating opinions from medical sources and for substantial evidence.

In note first, as the Commissioner observes, that McVicker's foot-related impairment, which is largely the issue now, was not found to be a severe impairment by the ALJ in this case.[30]

***Dr. Seidner*** Dr. Seidner examined McVicker only once before rendering an opinion,[31] and thus is not a treating source.[32] Even though Dr. Seidner's opinion was not from a treating source, that opinion was considered to be from a treating source by Dr. Michael Delphia, M.D., a state agency consultant, who included Dr. Seidner's August 5,

---

[28] *Id.* (citing tr. at 37).
[29] *Id.* at 4-5.
[30] ECF No. 14, at 4, fn.2.
[31] Tr. at 489-90.
[32] *Kornecky v. Comm'r.*, 167 Fed. Appx. 496, 506-07 (6th Cir. 2006).

5

2016 opinion in the material that Dr. Delphia reviewed in arriving at his conclusion that McVicker could stand for 6 hours in an 8-hour workday.[33]

Thus, the facts that Dr. Seidner had the benefit of only a single examination before providing an opinion, and that Dr. Delpia reviewed Dr. Seidner's opinion before offering his own, less restrictive functional opinion as to McVicker's ability to stand during a workday, provides a good reason[34] to support the weight given to Dr. Seidner's opinion.

Moreover, as the ALJ stated, Dr. Seidner observed that McVicker's condition might improve with treatment and custom orthodics, which the ALJ also noted did occur.[35] This inconsistency with the treatment record is yet another supportable reason for the weight given to Dr. Seidner's opinion.

Further, the ALJ cited McVicker's medical records of normal gait and an straight leg rise tests as being inconsistent with Dr. Seidner's limitation on standing.[36] While McVicker argues that her gait and the results of the straight leg rise are not inconsistent with stricter limits on her ability to stand,[37] the Commissioner rightly points out that the ALJ could properly interpret these clinical findings as inconsistent with the more restrictive functional opinion.[38]

---

[33] Tr. at 85-86.
[34] As the Commissioner observes, because Dr. Seidner was not a treating source the ALJ was not required to provide a good reason for the weight assigned.
[35] *Id*. at 37.
[36] *Id*. at 34, 36-37.
[37] ECF No. 11, at 14-15.
[38] *Wreede v. Comm'r of Social Security*, 2019 WL 1324024, at *2 (N.D. Ohio Mar. 25, 2019) (citing *Shepard v. Comm'r of Soc. Sec.,* 705 Fed. Appx. 435, 440 (6th Cir. 2017).

Finally, as noted, the ALJ was entitled to rely on the functional opinion of Dr. Delphia, the state agency consultant, who reviewed Dr. Seidner's opinion in preparation for offering his own opinion.

Accordingly, I find no error in the weight assigned to the functional opinion of Dr. Seidner.

***Dr. Schoeppner*** Similarly, although Dr. Schoeppner was a treating source and so his opinion could not be discounted without a statement of good reasons, substantially all the points stated above concerning Dr. Seidner's opinion are also relevant here. In addition, as the Commissioner states, the mere fact that McVicker continued to experience some pain does not, of itself, preclude her from work.[39]

Nor does the existence of pain require that the ALJ necessarily accept the functional limitations arising from that pain that are asserted by the claimant or in opinion evidence. Here the ALJ did not find McVicker's foot impairment to be severe but did find that, consistent with McVicker's own testimony, her condition was improved with treatment and did no more than mildly limit her activities of daily life.[40] Thus, the decision as to the degree of limitation imposed by McVicker's foot condition was based on specific evidence in the record that did not support Dr. Shoeppner's functional opinion in this regard.

---

[39] *Shearer v. Comm'r of Soc. Sec.*, 2017 WL 3535013, at *5 (S.D. Ohio July 20, 2017) (report and recommendation adopted by *Shearer v. Comm'r of Soc. Sec.*, 2017 WL 3520433 (S.D. Ohio Aug. 16, 2017))
[40] Tr. at 31-32.

Accordingly, there was no error in the ALJ adopting an RFC for light work instead of Dr. Shoeppner's more restrictive opinion that would have limited McVicker to only four hours standing and required two days per month away from work.

*Nurse Raddish* The reasons given for assigning less weight to the opinions of Dr. Shoeppner and Dr. Seidner, also apply in the case of Nurse Raddish. Further, as the Commisioner notes, Nurse Raddish is a non-acceptable medical source.[41] Therefore, his opinion was not entitled to any particular weight or deference, but the ALJ could assign it any weight he felt appropriate based on the evidence,[42] with no need to explain that decision beyond allowing a subsequent reviewer to follow the ALJ's reasoning.[43]

I find no error in either the weight given to Nurse Raddish's opinion or in in how the ALJ arrived at that weight and explained his decision.

### III.

Substantial evidence supports the decision of the Commissioner, and it is affirmed.

IT IS SO ORDERED.

Dated: March 27, 2020                  s/William H. Baughman Jr.
                                                               United States Magistrate Judge

---

[41] 20 C.F.R. § 404.1513 (d)(1).
[42] *Noto v. Comm'r of Social Security*, 632 Fed. Appx. 243, 248-49 (6th Cir. 2015) (citations omitted).
[43] *Shaffer v. Comm'r of Soc. Sec.*, 2019 WL 396416, at *3 (S.D. Ohio Jan. 31, 2019).